UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIR PARTNERS TRUST and EHSAN PARTNERS TRUST,<br><br>*Plaintiffs*,<br><br>v.<br><br>STEVEN SEWALD and STEVEN SEWALD AND COMPANY CPA'S, LLP<br><br>*Defendants*. | Case No. 24-cv-03065 (JGLC)<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

WHEREAS, the parties to this action (each a "Party," and collectively the "Parties") are engaged in discovery and anticipate the production of documents, testimony, or information that includes sensitive and confidential financial information, including but not limited to personal and business federal, state, and local tax returns ("Tax Documents");

WHEREAS, the Parties recognize that Tax Documents are entitled to heightened protection given their private nature;

WHEREAS, the Parties seek to avoid undue burden, embarrassment, or harm that could result from the public disclosure of such Tax Documents;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following terms shall govern the designation, handling, and use of such information in this matter:

1.  **Tax Documents** "Tax Documents" shall include, without limitation, personal, corporate, partnership, trust, and estate tax returns; schedules; attachments; workpapers; IRS or other government correspondence; and any summaries, extracts, or analyses thereof.

2. **Scope** This Stipulation governs (a) all Tax Documents produced after the filing of the complaint in this action, including those produced before or after the date of this Stipulation; (b) all Tax Documents produced prior to the filing of the complaint; however, as to those materials, this Stipulation shall apply only on a going-forward basis from the date it is fully executed.

3. **Limitations on Disclosure** (a) Tax Documents shall not be disclosed, summarized, or otherwise communicated to any person or entity except as provided in this Order. (b) Disclosure is permitted only to: i. Counsel of record and their legal staff; ii. The Parties to this proceeding including Defendants' insurance carrier; iii. The Court and its personnel; iv. Court reporters and videographers in connection with depositions; v. Experts or consultants retained by counsel, provided they agree in writing to be bound by this Order; vi. The producing Party, and, if the producing Party is not the taxpayer, the taxpayer identified in the return.

4. **Filing Under Seal** Any Party seeking to file Tax Documents designated as "Highly Confidential — Tax" must file such documents under seal pursuant to the Court's procedures and rules governing sealed filings or, in such other manner that the Court requires. No Party may publicly file or quote from such documents in unredacted form unless agreed to by the parties or without prior Court approval.

5. **Use Limitation** Tax Documents designated under this Order may be used solely for purposes of this litigation and for no other purpose, including any business, governmental, commercial, or administrative purpose, and shall not be disclosed to the media or any non-party. If any receiving Party or authorized person under paragraph 3 *supra* is compelled by subpoena, or otherwise, to disclose any Tax Documents, to the extent possible, the producing Party shall be

given notice of the receipt such subpoena or other device compelling production with five (5) business days of receipt of said subpoena or other devise compelling production.

6. **Handling Upon Termination** Within 60 days after final termination of this action, including all appeals, each receiving Party shall return or destroy all copies of Tax Documents, including notes or summaries derived therefrom, and certify compliance with this provision to the producing Party.

7. **Challenging Designations** A Party may challenge the designation of material as "Highly Confidential — Tax" by written notice to the producing Party. The Parties shall meet and confer in good faith to resolve the challenge. If they cannot resolve the issue, the challenging Party may seek relief from the Court. Until the Court rules, the material shall remain designated as "Highly Confidential — Tax."

8. **No Waiver** The production of Tax Documents without designation shall not be deemed a waiver of any claim of confidentiality or protection, provided that the producing Party subsequently designates such material as "Highly Confidential — Tax" Within five (5) days of the production of such material.

9. **Jurisdiction and Enforcement** The Court retains jurisdiction to enforce this Order and to make such amendments, modifications, or additions as necessary.

Dated: September 2, 2025

Counsel for the Parties:

**HAYNES AND BOONE, LLP**

By:     /s/*Eric M. Lindenfeld*

Eric Lindenfeld
Eric.Lindenfeld@HaynesBoone.com
Gabriel Berg
Gabriel.Berg@HaynesBoone.com
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-7300

*Attorneys for Plaintiffs*

**MARSHALL DENNEHEY, P.C.**

By:    /s/*Nicholas P. Chrysanthem*

Nicholas P. Chrysanthem
Wall Street Plaza, 88 Pine Street, 21st Floor
New York, New York 10005
Telephone: (212) 376-6400/(631) 232-6130
npchrysanthem@mdwcg.com

*Attorneys for Defendants*

Dated: September __3__, 2025    SO ORDERED.
         New York City, New York

*Jessica Clarke* (signature)

Hon. Jessica G. L. Clarke
United States District Judge